# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ARTHUR EDMONSON PIERCE, III,
ADC #141254                                                                             PLAINTIFF

V.                                      5:13CV00128 SWW/JTR

MARK CASION, Warden,
Randall Williams Unit, ADC, et al.                                              DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Arthur Edmonson Pierce, III, is a prisoner in the Randall Williams Unit of the Arkansas Department of Correction. In this *pro se* § 1983 action, he alleges that Defendants have violated his constitutional rights. Pursuant to the

screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff alleges that, in December of 2012, Defendants violated his constitutional rights when they failed to follow an ADC policy regarding the disposal of his excess personal property. *See* Doc. #2. Plaintiff has failed to state a viable § 1983 claim for relief for two reasons.

First, a § 1983 action can only be brought to vindicate a violation of a federal statutory or constitutional right. 42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012). State prisoners, such as Plaintiff, do not have a federal statutory or constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997).

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Second, Plaintiff has not stated a viable claim under the Fourteenth Amendment. A prisoner cannot bring a Fourteenth Amendment claim for the intentional or negligent loss of his personal property as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer,* 468 U.S. 517, 533–6 (1984). In this case, Plaintiff has the adequate post-deprivation remedy of filing a claim for compensation with the Arkansas Claims Commission, pursuant to Ark. Code Ann. § 19–10–204(a). *See Williams v. Campbell*, Case No. 00–3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001) (unpublished opinion); *McClinton v. Ark. Dept. Corr.,* Case No. 05–2498, 2006 WL 304470 (8th Cir. Feb. 9, 2006). Thus, he has failed to state a viable Fourteenth Amendment claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The case be DISMISSED, WITH PREJUDICE, for failing to state a claim on which relief may be granted.

2. Dismissal constitute a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 2nd day of May, 2013.

                                                                                     _____  
                                                                        UNITED STATES MAGISTRATE JUDGE